47 F.3d 1170
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard L. TESTER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-1827.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1995.
 
 E.D.Mich., No. 93-10243; James P. Churchill, Judge.
 E.D.Mich.
 VACATED.
 
 
 1
 Before: KEITH and NELSON, Circuit Judges, and HORTON, District Judge.*
 
 ORDER
 
 2
 Richard L. Tester appeals a district court judgment affirming the Secretary's denial of Tester's application for social security disability benefits. The parties have expressly waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Tester filed an application for social security disability insurance benefits alleging that he suffered from chronic pulmonary disease, a bulging ruptured disc, angina, and shortness of breath. Following a hearing, an administrative law judge (ALJ) determined that Tester was not disabled because he had the residual functional capacity to perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination. Tester then filed a complaint seeking review of the Secretary's decision. Upon de novo review of a magistrate judge's report, the district court affirmed the denial of benefits and granted judgment to the Secretary.
 
 
 4
 Upon review, we conclude that there is not substantial evidence to support the Secretary's decision. See Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). Tester contends that there is simply no evidence in the record which indicates that he can perform light work. Tester is correct. In his opinion, the ALJ cites to the March 27, 1992, medical report of Dr. Kopmeyer. However, this report simply does not indicate that Tester can perform light work. An earlier report by Dr. Kopmeyer establishes that Tester can only perform sedentary work. This opinion is also supported by the testimony of Dr. Hurt. As there is simply no evidence in the record which indicates that Tester can perform light work, the Secretary's decision is not supported by substantial evidence.
 
 
 5
 Accordingly, we vacate the district court's judgment and direct that the case be remanded to the Secretary for further proceedings not inconsistent with this opinion.
 
 
 
 *
 The Honorable Odell Horton, United States District Judge for the Western District of Tennessee, sitting by designation